IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR328 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MARY R. WONG, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion for reconsideration (Filing No. 35) of the previous order (Filing No. 34) denying the Defendant's appeal. The Defendant, Mary R. Wong, appealed the Magistrate Judge's oral order (Filing No. 18) denying defense counsel's motion to withdraw and for appointment of other counsel under the Criminal Justice Act, 18 U.S.C. § 3006A (Filing No. 15).

This Court previously stated the following in its order denying Wong's appeal:

> The evidence consists of the Defendant's fee arrangement with counsel and her financial affidavit completed on the date of the evidentiary hearing. It appears that the Defendant has substantial assets in an amount that exceed the estimated amount that present counsel would require if she were to go to trial, e.g., stock estimated at three times the amount that counsel might require; a 25% membership in a corporation that is in the process of being liquidated; a baseball card collection estimated by the Defendant to be worth 20% of the amount that might be required by counsel; a luxury vehicle, albeit with a loan against slightly more than 50% of its value; and a home that is approximately 65% mortgaged.

(Filing No. 34.)

Defense counsel brought the Court's attention to matters within a 34-page sealed affidavit that show a pending lawsuit against Wong and a second mortgage against her home. (Filing No. 31.) Nevertheless, Wong has substantial assets. She has accounts

receivable in an amount exceeding $1,000,000, despite her arguments that the $300,000 account receivable is only the "amount invested," and all accounts receivable "are disputed and collectability is uncertain and unknown." (Filing No. 35, at 11.) Only ten percent of Wong's accounts receivable would need to be collected to cover her counsel's estimated fees. Wong's $30,000 vehicle could be sold and, despite the $17,000 vehicle loan, several thousand dollars could be realized from the sale. Wong has not provided any explanation as to why she can't sell her $20,000 (estimated) baseball card collection and use those proceeds toward her counsel's fees.

For these reasons, the Court remains unpersuaded that Wong is in need of appointed counsel.

Accordingly,

IT IS ORDERED that the Defendant's motion for reconsideration (Filing No. 35) is denied.

DATED this 25th day of November, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge