IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:09CR328 |
| vs. | |
| MARY R. WONG, | ORDER |
| Defendant, | |
| vs. | |
| ROBERT F. CRAIG, ATTORNEY AT LAW, | |
| Garnishee. | |

This matter is before the court on the defendant's, Mary R. Wong (Wong), and garnishee's, Robert F. Craig (Craig), Motion for Hearing (Filing Nos. 88 and 89) on the government's Writ of Continuing Garnishment (writ) (Filing No. 85). Craig objects to the garnishment (Filing No. 87 - Answer). The court held a hearing on January 21, 2015. Laurie M. Barrett, counsel for the government, Wong, and Craig appeared telephonically for the hearing. A transcript (TR.) of the hearing was filed on January 29, 2015. Thereafter, the government filed a brief (Filing No. 97) and index of evidence (Filing No. 96) in support of the garnishment. Craig filed a brief (Filing No. 98) and attachments (Filing Nos. 98-1 - 98-3) in opposition of the garnishment. The government filed a brief (Filing No. 101) in reply.

## BACKGROUND

This garnishment action stems from Wong's December 20, 2010, conviction of securities fraud and sentence to pay $3,035,406.35 in restitution to eight victims of Wong's fraud. **See** TR. 3-4; Filing No. 79 - Judgment. Wong pleaded guilty to one count of securities fraud on September 27, 2010. **See** Filing No. 66. As of December 9, 2014, Wong has paid a $100 special assessment and $345 in restitution. **See** TR. 4.

On July 29, 2010, Williams and Bullocks, LLC, for which Wong was the sole managing member, filed a Chapter 7 bankruptcy in the United States Bankruptcy Court

for the District of Nebraska.  **See** Filing No. 97 - Gov't's Brief.  John D. Stalnaker, as Trustee for the Estate of Williams and Bullocks, LLC, alleged that a $150,000 refundable membership deposit held by Exclusive Resorts was property of the bankruptcy estate and filed an Adversary Proceeding against Wong seeking to determine the ownership of the funds.  *Id.* at 3-4.  Wong claimed the $150,000 refundable membership deposit as her personal asset.  *Id.*  On September 26, 2014, Trustee Stalnaker filed a motion to approve a compromise in the bankruptcy case, wherein the parties agreed to resolve the issue of the ownership of the $150,000 refundable membership deposit pursuant to terms set forth in a settlement agreement.  *Id.*; Filing No. 87 Ex. 3 - Settlem. Agr.  The Settlement Agreement provided, in part, the estate would receive $50,000 of the $150,000 and the remaining $100,000 would be paid to Craig's client trust account.  **See** Filing No. 87 Ex. 3 - Settlem. Agr.  The Settlement Agreement acknowledged the law firm Rasmussen & Mitchell asserted a security interest in the funds, to the extent the funds were property of Wong.  *Id.*  The Settlement Agreement was signed by Trustee Stalnaker and Father Michael Voithofer (Fr. Michael), as Attorney in Fact for Wong.  *Id.*  The bankruptcy court approved the settlement on November 19, 2014.  **See** Filing No. 97 - Gov't's Brief p. 4.

On December 1, 2014, the government commenced garnishment proceedings on Craig to obtain the balance of Wong's bankruptcy recovery toward payment of her criminal judgment pursuant to the Federal Debt Collection Procedures Act (FDCPA).  *Id.* at 5 (**citing** 28 U.S.C. § 3001, *et seq.*); **see also** Filing No. 82 - Application for Writ of Continuing Garnishment.  The court granted the government's motion and the government issued the writ on December 2, 2014.  **See** Filing No. 83 - Order; Filing No. 85 - Writ.  On December 3, 2014, Craig was served with the writ.  **See** Filing No. 87.

On December 9, 2015, Craig filed an Answer of the Garnishee.  **See** Filing No. 87 - Answer.  Craig represented at all times material Rasmussen & Mitchell held a perfected Article 9 security interest in all of Wong's tangible and intangible assets securing Wong's obligation to the firm for an amount in excess of $200,000.  *Id.* (**citing** Filing No. 87 Ex. 1 - Financing Statement, Ex. 2 - Uniform Commercial Code Lien Search); **see also** TR. 9.  Rasmussen & Mitchell and Craig agreed that of the $100,000 payable to Craig, $50,000 would immediately go to Rasmussen & Mitchell, with

2

Rasmussen & Mitchell being deemed to have made a partial release or partial termination of its security interest in the remaining $50,000. *Id.* at 5 (**citing** Filing No. 87 Exs. 4 and 5 - Subordination Emails); **see also** TR. 9. Craig would then receive $30,000 of the remaining $50,000 and the residual $20,000 would be paid to Fr. Michael. *Id.* (**citing** Filing No. 87 Ex. 6 - Settlement Email). After accounting for Craig's $30,000, Craig holds $20,000 in funds for Fr. Michael, which Craig has not yet distributed due to the pending garnishment. *Id.* at 6; TR. 5-6. Rasmussen & Mitchell have not asserted any further claim to the $20,000. **See** TR. 6, 10, 13, 15-16.

The court held a hearing on January 21, 2015. **See** Filing No. 92 - Text Minute Entry. During the hearing, Craig argued he is not waiving his balance of the $50,000, that is, the remaining $20,000. **See** TR. 11, 17. However, Craig admitted he "do[es] not have . . . an argument to give to the court that would defeat the claim of the government as to that residual amount except . . . that . . . Father Michael is the person who actually put [the agreement] together." *Id.* Craig argued at minimum the government would get the residual, but argued the more equitable action would be to give the residual to Fr. Michael. *Id.*

## ANALYSIS

The Mandatory Victims Restitution Act (MVRA) requires restitution for certain crimes, "including any offense committed by fraud or deceit," and authorizes the United States to enforce a restitution order in accordance with its civil enforcement powers. **See** 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii)); 3613(f), 3664(m)(1)(A). The procedure for enforcing a judgment, including restitution, is set forth in 18 U.S.C. § 3613. Specifically, "[n]otwithstanding any other Federal law, a judgment imposing a fine may be enforced against all property or rights to property of the person fined."[1] The MVRA specifically allows for recovery of settlement proceeds:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, **settlement**, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

---

[1] Section 3613(f) states that all provisions in § 3613 "are available to the United States for the enforcement of an order of restitution." **See** 18 U.S.C. § 3616(f).

3

18 U.S.C. § 3664(n) (emphasis added).  The United States may enforce restitution orders in the same manner as it enforces fines, or "by all other available and reasonable means."  18 U.S.C. § 3664(m)(1)(A)(i)-(ii).  Furthermore, the United States may enforce a judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."  18 U.S.C. § 3613(a) and (f).

The FDCPA, 28 U.S.C. §§ 3001-3308, is one of the means available to the government to enforce a restitution order.  **See** 28 U.S.C. § 3001(a)(1).  Under the FDCPA, one of the authorized enforcement procedures is a writ of garnishment.  "A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a).  Property subject to garnishment is defined as "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))[.]"  28 U.S.C. § 3002(12).  After the government obtains a writ of garnishment, it must serve the writ both to the judgment debtor and to the garnishee.  **See** 28 U.S.C. § 3205(c)(3).

The government has complied with all statutory requirements for garnishment and neither Wong nor Craig have alleged lack of compliance or that an exemption applies.  Additionally, neither Wong nor Craig have alleged an exemption applies.  The sole issue before this court is who has priority in the remaining funds.

As an initial matter, the court needs to determine whether Wong has an interest in the subject funds.  The court finds Wong has an interest in the subject funds and any claim to the contrary is disingenuous.  The funds are Wong's refundable membership deposit and the Settlement Agreement clearly states Wong claims the funds as her property and agreed to the settlement, without which the settlement would not have occurred.  **See** Filing No. 87 Ex. 3 - Settlem. Agr.  Craig has offered no authority to suggest Wong lost her interest in the subject funds once Craig obtained the funds through the settlement, which was reached on her behalf.

4

Before determining who is entitled to the subject funds, the court must first determine what amount is in dispute and potentially subject to garnishment: $20,000 or $16,666.67. Craig implores the court not to break the private agreement between Craig, Rasmussen & Mitchell, and Fr. Michael and allow Fr. Michael to receive the $20,000, but if the court "breaks" the agreement, to break the agreement in Craig's favor and allow him to retain $33,333.33, as he has not waived the additional $3,333.33 he is owed under his one-third contingency fee and the attorney's lien. The government does not oppose Craig's claim to $30,000 of the $50,000,[2] but does oppose the additional $3,333.33 because Craig did not assert a claim to this amount in his Answer. In Craig's Answer to the writ he asserted the $50,000 would be split "on a 30/20 basis" between him and Fr. Michael. Craig did not assert he was owed any more than $30,000. However, during the hearing and in his brief, Craig asserted he is actually due $33,333.33 and, while the structure of the Rasmussen & Mitchell portion of the agreement is different, Craig was only willing to give up the $3,333.33 if Fr. Michael received the $20,000, but never waived his interest in the full one-third. **See** TR. 17; Filing No. 98 - Craig's Brief p. 5-6.

At the time Craig obtained the $100,000, the funds were one-hundred percent encumbered by Rasmussen & Mitchell's interest and thirty-three percent encumbered by Craig attorney's lien, presumably under Neb. Rev. Stat. § 7-108, as represented by Craig. Rasmussen & Mitchell agreed with Craig to subordinate its interest to Craig's contingent fee. **See** Filing No. 87 Ex. 4 - Subordination Email. As a result, Craig is entitled to, at most, one-third of $100,000, or $33,333.33. Although the court does not have the benefit of the Craig's client agreement with Wong, the government does not contest the $30,000 to Craig, thus, by extension, the government presumably does not contest Craig has a valid attorney's lien for one-third of any recovery, otherwise the government would assert claim to all $50,000. If, as Craig represented, his lien is in the amount of one-third, Craig would then be entitled to $33,333.33. **See** TR. 17. Because Craig has not waived his interest, the court finds Craig is entitled to retain the

---

[2] This being the case despite no evidence of a client agreement or discussion on the priority of an attorney's lien over the government's lien.

5

$33,333.33.  Therefore, the amount potentially subject to garnishment is $16,666.67, which Craig holds in his client trust account.

There are five parties who could claim entitlement to the $16,666.67:  Wong, Rasmussen & Mitchell, Craig, Fr. Michael, and the government.  Wong is not claiming entitlement to the funds under some exception to garnishment and Rasmussen & Mitchell waived its interest in the remaining funds.  Additionally, Craig is not entitled, nor is he arguing he is entitled, to the $16,666.67.  Therefore, Fr. Michael and the government have the remaining competing interests.

Craig argues Fr. Michael is entitled to the funds as a gift for Fr. Michael's services.  The government argues it is entitled to the funds by virtue of its lien and writ of garnishment.  Cognizable grounds for an objection are whether there is a valid claim for an exemption; whether the government complied with the statutory requirements for garnishment; and if the judgment is by default, the probable validity of the claim for the debt and any good cause for setting aside judgment.  **See** 28 U.S.C. § 3202(d).  The assertion the funds are a gift to Fr. Michael is not a cognizable ground for an objection and Craig has not carried his burden of proving his objection, that a private agreement gifting the funds to Fr. Michael trumps the government's interest, is valid.[3]  **See *United States v. Deen***, No. 13-4320, 2015 WL 178247, at *1 (2d Cir. Jan. 15, 2015), as corrected (Jan. 20, 2015) (stating the objecting party bears the burden of proof) (**citing** 28 U.S.C. § 3205(c)(5)).  Craig properly stated in his email to government's counsel, Fr. Michael has no independent claim to the remaining funds.  **See** Filing No. 96-1 - Dec. 10, 2014, Email.  Craig cannot transfer these funds, especially considering he has no claim to funds greater than $33,333.33, as a gift to Fr. Michael on Wong's behalf or out of his own desire to gift the funds.  Under the FDCPA, the government's interest is superior to Fr. Michael's interest.  **See** 28 U.S.C. § 3203(a)&(b) ("All property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution. . . . A lien shall be created in favor of the United States on all property levied on under a writ of execution and shall date from the time of the levy.  Such lien shall have priority over all subsequent liens and shall be for the

---

[3]  Craig argues the "Earmarking Doctrine" applies in this instance, but even assuming the bankruptcy doctrine is applicable, Fr. Michael is not Wong's creditor as required under the doctrine.

aggregate amount of the judgment, costs, and interest. The execution lien on any real property as to which the United States has a judgment lien shall relate back to the judgment lien date."). Here, the government's superior interest was attached to the funds when Craig received the writ and still held the funds in his client trust account. Accordingly, the remaining $16,666.67 is subject to the writ and shall be paid to the victims of Wong's fraud.

**IT IS ORDERED**:

Wong's and Craig's objections (Filing Nos. 87, 88, and 89) to the Writ of Continuing Garnishment are overruled. The $16,666.67 held by Craig shall be disbursed to the government in accordance with the Writ of Continuing Garnishment (Filing No. 85).

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 2nd day of March, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge